Dayton, J.
This is an action brought on a bond, dated 2d Dec. 1835, given by Baker, one of the defendants, conditioned for his appearance before the then next term of the Somerset Pleas, and petition said court for the benefit of the insolvent laws, and in all things to comply with the requirements thereof.
To the declaration filed in this case, the defendants among other things, have pleaded in substance as follows :
That before the execution of the above bond to Skillman, but after the entry of the judgment in his favor, to wit: on the 1st of Dec. 1835, the said Baker was arrested and in custody of the Marshal of the City of Jiew Brunswick, on a warrant, duly issued &o. at the suit of one Richard McDonald, for debt, and that on the same day he gave bond &c. pursuant to the act, to appear before the next court of Common Pleas of the county of Middlesex, and petition said court for the benefit of the insolvent laws ; and that he did so appear and petition said court, at the said next term, to wit: on the second Tuesday of the same month, of December, and having in all things complied with the requirements of said insolvent laws, was, on the 26th of January, 1836, duly discharged by said court, as an insolvent debtor : and that the said Baker was thereby forever discharged from all debts by him previously contracted, so far as regarded the imprisonment of his person.
To this plea there is a demurrer and joinder.
The single point argued by counsel was, whether the discharge in Middlesex, released Baker from the performance of the condition of the bond which required his appearance, petition &c. to the Common Picas of Somerset.
The general rule of law undoubtedly is, that nothing relieves from the performance of a bond, but the aet of God, as by the death of the party before the day ; or the aot of the law, as if a bond be given, conditional to do an act, and a statute afterwards makes it unlawful; or by the aet of the'obligee himself, for it would be unjust that he should take advantage of his own wrong; and some of the cases add, by act of the public enemy; Lamb’s *136 Case, 5 Coke 23; Doughty v. Neal, 1 Saund. 215, N. 2; Bull. N. P. 164-5; Mounsey v. Drake, 10 J. R. 27-8; The Ordinary v. Corbett, 1 Bay’s S. C. R. 328. And the counsel for the plaintiff further contended, that if the party rely upon performance of the bond, it must be a strict performance, in forma specifica. But this, although perhaps generally true, is not universally so. In Pothier on Ob. 103, it is said that performance may sometimes be accomplished, per cequipollens, where from the subject matter it appears that such was probably the intention of the parties; and this intention is presumed, when the person in whose favor the condition is made, has no interest in its being accomplished in one manner rather than another.
So too in the case of Freshwater v. Eaton, 1 Str. 49, a scire facias had issued against bail on a recognizance to surrender the principal in the palace court, if he should be condemned. The case being removed into the King’s Bench,and judgmentaffirmed, the bail surrendered him there, and it was holden a good performance of the condition; Pratt, J. observing, that the intent of the condition was answered by the defendant being in prison to answer the plaintiff’s demand; that there were many cases of conditions where the law does not require a strict performance provided the intent be answered. I at first doubted whether the facts'alleged in the defendant’s plea, were not a substantial performance of the condition of the bond, to appear in Somerset, according to its spirit and intent. The object was, that Baker, would apply for the benefit of the insolvent laws &c. and assuming that he did his duty in notifying his creditors &c. as we are bound to believe he did, Skillman was a party to the proceeding in Middlesex, and was bound by it. It was of no interest to him, in the eye of the law, whether the proceeding and discharge was by a court in Middlesex or a court in Somerset. He had no right by his oppressive conduct to compel the defendant to obtain a discharge from the debt due to him, more than once. The bond to McDonald, was first given; the court in Middlesex was first holden, and he (Baker) was required by law to notify Skill-man, his creditor, of the time and place of hearing in Middle-sex, that he might be present and object to his discharge. It never could have been the intent of the law, that he should repeat the same proceeding in Somerset; if so, he must again have *137 notified all h-is other creditors, as well as the plaintiff himself. The statute requires it, and there could have been no discharge in Somerset without it. Aside from other objections, this would be bis vexari pro eadem causa. But some at least of these remarks are aside the case, for to consider this proceeding in Middlesex, as performance of the condition of the bond to appear in Somerset, may be. and I fear it is, extending the principle first above alluded to, too far. It might perhaps become an unsafe precedent hereafter.
Still, the facts set out in this plea, must in the nature of things, be a good defence against this bond : and although it may not be right to consider them as a performance, (which by the way is not alleged in the plea) I think there is no sufficient reason why we may not consider the proceeding in Middlesex, as a release of the defendants, by act of law, from the performance of the condition of that bond. The judgment of a court of competent jurisdiction, is as binding in law, until it is reversed, as an act of the legislature. ífor do I, at present, see any other course the defendants could have adopted, which I would have felt as well satisfied to sanction as a matter of practico. Had Baker been in actual custody when Skillman’s execution was served upon him, he might have been relieved upon hab. corpus ; but I am not prepared to say, that he could have had the benefit of that writ, being in a species of constructive custody only, by virtue of the execution in favor of McDonald, and the bond given by him thereupon. And if he could, it would be an unwise practice to adopt; as it would accumulate trouble and expense about a very simple matter, upon a class of persons totally unable to bear it.
But it has been suggested that had Baker appeared before the Common Pleas of Somerset, they might at once have discharged him, upon production of his certificate of discharge from the court in Middlesex. But this is not so; the point was expressly ruled the other way in Stryker v. Rea, 6 Hal. 339. That court would have had no power to discharge the defendant except upon a full compliance with all the provisions of the insolvent laws.
I repeat therefore, that as we are now about to settle for the first time, the practice under this act, I know of nothing so simple; so entirely free from all exception, as that practice which has been *138 adopted in the present ease. My opinion therefore is, that the proceedings and discharge in Middlesex, be considered as a release by act of law, from the performance of the condition of this bond, and that judgment be entered for the defendants on the demurrer to this plea, with costs.
IIornblower, C. J. and Ford and White, Justices concurred.
Hevius, J. gave no opinion, having been of counsel with the defendants.

Judgment for defendants on the demurrer, with costs.

Cited in Kirby v. Garrison, 1 Zab. 183.